ENID W. HARRIS, ESQUIRE
Pa. Supreme Court ID #30097
HARRIS & VAN JURA, Law Offices
26 PIERCE STREET
KINGSTON, PA  18704
Phone:  (570) 288-7000
Fax: (570) 288-7003
E-mail: eharris@epix.net
ATTORNEY FOR DEFENDANT,
   FREDDY RAFAEL ALVARADO, A/K/A "SCOOP"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | NO.  3:07-CR-128 |
| | : | |
| FREDDY RAFAEL ALVARADO, | : | (Munley, J.) |
| A/K/A "SCOOP", et al. | : | |
| | : | |
| Defendant | : | *[Electronically Filed]* |

## MOTION FOR PRODUCTION OF EVIDENCE
## UNDER THE BRADY DOCTRINE
### With Citation to Authorities

AND NOW, comes the Defendant, FREDDY RAFAEL ALVARADO, by and through his attorney, ENID W. HARRIS, ESQUIRE, and respectfully Moves this Honorable Court for discovery Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Perdomo*, 929 F.2d 967 (3rd Cir. 1991); *Carter v. Rafferty*, 826 F.2d 1299; *Giglio v. United States*, 405 U.S. 150; *Kyles v. Whitley*, 111 S.Ct. 1555 (1995), *Strickler v. Greene*, 119 S.Ct. 1936 (1999), and *Banks v. Dretke*, 124 S.Ct. 1256 (2004), and in support thereof sets forth the

following:

1.  Defendant, along with Eric T. Jones a/k/a "Jonesy", Shamar Anthony Taffe a/k/a "Showtime", Miguel A. Abreu a/k/a "Rico", Stephen Lundy a/k/a "Grimes", and Kevonne Coopeer a/k/a "Trigger", was indicted on March 28, 2007, by Indictment that charged him and the others with carjacking, aid and abet, in violation of 18 U.S.C. §2119(2) on February 2, 2007 (Count 1)[1], and possession, use, carry and discharge of a firearm on February 3, 2007 (Count 2), in violation of 18 U.S.C. §924(c).

2.  Based on the authorities cited herein, the Defendant, Freddy Rafael Alvarado, requests the Court to Order the Government to provide him with the following:

   a.  Any and all statements by witnesses or participants favorable to the Defendant. See: *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968).

   b.  The names and addresses of any and all witnesses favorable to the defense, whether they have provided statements or not, and whether the Government intends to call them at Trial or not.  See: *United States v. Wildins*, 326 F.2d 135 (2nd Cir. 1964).

   c.  Any and all evidence in any form which tends to detract from the credibility or probative value of testimony or evidence intended to be used by the prosecution. See: *United States ex rel. Marzeno v. Gengler*, 574 F.2d 730 (**3d Cir.** 1978); *United States v. McCrane*, 527 F.2d 906 (**3d Cir.**), reaffirmed on remand 547 F.2d 204 (1975); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965). This request includes, but is not limited to, any documents, transcripts, motions and other materials and information alleging or evidencing that any prospective Government witness is unreliable, including claims or evidence of illegality, perjury, misstatement, or other dishonesty or untruthfulness on the part of the prospective witness in any files maintained by the DEA, ATF, FBI, Pennsylvania State Police, the Pennsylvania Attorney Generals' Offices, Monroe County

---

[1] The defendants (Abreu, Jones and Taffe) were originally charged in State Court on February 3, 2007 (Monroe County) with violations of Pa. Crimes Code §§ 903(a)(1), 306(b)(3), 6106(a)(1), 4910(1), 36 PA C.S.A. §780-113 §§ 780-113 (3 Counts) and PACC §3701(a)(1)(ii). Defendant Alvarado was charged similarly on February 7, 2007.  The State charges were dismissed in lieu of the federal prosecution on April 2, 2007.

(PA) Detectives, Monroe County District Attorneys' Office, the Pocono Mtn. Regional Police, Pocono Township Police Department and Barrett Twp. Police Department, and other local law enforcement agencies or attorneys who had worked with the witness in other cases.

Courts have held that when the requested information is found in a witness' file maintained by the Government, the Government is required either to provide the defense with access to those files, or provide the material to the Court for in-camera inspection. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984); *United States v. Deutsch*, 475 F.2d 55 (5th Cir. 1973); *United States v. Austin*, 492 F.Supp. 502 (N.D.Ill. 1980).

d.   Any and all promises or representations made to a Government witness, including but not limited to, immunity, preferential treatment, leniency, payments or promises of payments (in money or in kind). See: *Giglio v. United States*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *United States v. Shaffer*, 789 F.2d 682 (9th Cir. 1986); *United States v. McCrane*, supra.

e.   Any and all prior statements made by any prosecution witness which is contrary to, or tends to cast doubt on the accuracy of, the expected testimony of the witness. *Giles v. Maryland*, 386 U.S. 66 (1967).

f.   Any materials, documents, or exhibits which contain exculpatory matter within the purview of *Brady v. Maryland*, supra., and *United States v. Bagley*, supra., which are in the Government's possession or may by the exercise of due diligence be accessible to the Government. This request specifically includes a list of cases and investigations in which a prospective Government witness, or any person in this case whom the Government does not intend to call or a witness, has acted as a cooperating individual and the location and identity of any criminal filings resulting from that cooperation.

g.   Any and all negative exculpatory statements, i.e., statements of witnesses who have expressed surprise or disbelief that Freddy Rafael Alvarado had assaulted anyone, carjacked a vehicle, or possessed, shot or brandished a firearm. Cf. *Jones v. Jago*, 575 F.2d 1164 (6th Cir. 1978).

h.   Any and all evidence showing any Government witnesses' bias against the defendant in favor of the Government, narcotic habit, psychiatric treatment, or other evidence showing lack of competency, impartiality or credibility. See: *Giglio v. United States*, supra., and see generally: *United States v. Fowler*, 465 F.2d 64 (D.C.Cir. 1972).

i.      The criminal records, if any, of any prospective prosecution witnesses and information concerning the acts of any such person that are arguably acts of *crimin falsi* whether or not those acts resulted in the filing of criminal or civil charges.  See: *United States v. Curry*, 278 F.Supp. 508 (N.D.Ill. 1967).

This request includes state and local prosecutions of the witness whether or not such prosecutions appear on the witness' "rap sheet" or other computer data base.  *United States v. Perdomo*, 929 F.2d 967 (**3d Cir.** 1991) (prosecutor's failure to learn of and disclose the witness' local record was a violation of *Brady v. Maryland*).

j.      Results of, questions and answers during, and interviews before and after, any polygraph examination given to any person during the investigation of this case, whether or not the Government intends to call that person as a witness at trial.  *Carter v. Rafferty*, 826 F.2d 1299, 1306-09 (3rd Cir. 1987) (polygraph examinations are "material" for purposes of *Brady* disclosure obligations).

k.      This request specifically includes the Affidavits of Probable Cause and the criminal complaints for all Pennsylvania prosecutions brought or arising out of the incident(s) of February 3, 2007 and the Affidavits of Probable Cause and the Lists of Items to be searched for and seized and all inventories of items seized for the following search warrants and/or searches:(1) February 3 - 4, 2007 search/seizure of items at the property of Eric Jones, 5207 Sundew Terrace and Jones' vehicle; (2) the clothing of each defendant and their telephones.

3.      All evidence that tends to impeach the credibility of an important Government witness is clearly within the *Brady* rationale.  *United States v. Higgs*, 713 F.2d 39, 42-43 (**3d Cir.** 1983).

4.      Counsel respectfully suggests that the Government generally demonstrates a crabbed and narrow view of what kind of reports must be provided to the defense, choosing instead to rely solely on the Jencks Act to define its due process responsibilities.  For cases discussing the kind of information in witness statements and investigative reports that falls within the *Brady* rationale, see:  *United States v. Starusko*, 729 F.2d 256, 261, 263 (**3d Cir.** 1984);  *United States v. Minsky*, 963 F.2d 870, 874-75 (6th Cir. 1992) (failing to disclose polygraph results and FBI 302's that impeached a Government witness was reversible *Brady* error; reports that disclosed the existence of a witness who "might have undermined

[a Government witness' credibility] were producible under *Brady*'s mandatory commend); United States v. McCrane, supra.; United States ex rel. Marzeno v. Gengler, supra.

5.  Evidence of Criminal Investigation of Any Government Witness. The Defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. U.S. v. Chitty, 760 F.2d 425 (2d Cir.), *cert. denied*, 474 U.S. 945 (1985);

6.  Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. U.S. v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980). This request specifically includes any psychiatric report or evaluation, the reports of any blood, breath or urine test on the Defendant, Freddy Rafael Alvarado,. and co-Defendants, uncharged co-actors (e.g., Eric Vega), the alleged victim, cooperating witnesses, informants and sources of information.

7.  Names of Witnesses Favorable to the Defendant. The Defendant requests the name of any witness who made an arguably favorable statement concerning the Defendant. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980).

8.  Statements Relevant to the Defense. The Defendant requests disclosure of any statement

that may be "relevant to any possible defense or contention" that he might assert. <u>U.S. v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982). This includes in particular any statements by percipient witnesses.

9. <u>Jencks Act Material.</u> The defense requests all material to which Defendant is entitled pursuant to the *Jencks*, 18 U.S.C. §3500, and Fed.R.Crim.P. 26.2. The Defendant specifically requests pre-trial production of these statements so that the Court may avoid unnecessary recesses and delays for defense counsel to properly use any *Jencks* statements and prepare for cross-examination. <u>United States v. McFarlane</u>, 759 F.Supp. 1163 (E.D. Pa. 1991). Such material includes the following:

   a. The rough notes of FBI agents and Pocono Twp. and Barrett Twp. Police officers. <u>United States v. Ramos</u>, 27 F.3d 65 (3d Cir. 1994); <u>United States v. Gaston</u>, 608 f.2d 607 (5th Cir. 1979); <u>United States v. Rippy</u>, 606 F.2d 1150 (D.C. Cir. 1979); <u>United States v. Paoli</u>, 603 F.2d 1029 (2d Cir. 1979).

   b. Prosecutor's notes of witness interviews. <u>Goldberg v. United States</u>, 425 U.S. 101 (1976);

   c. Agents' case summary memos;

   d. Notes used by witnesses when testifying before the Grand Jury. <u>United States v. Wallace</u>, 848 F.2d 1464 (9th Cir. 1988).

10. <u>Giglio</u> Information. Pursuant to <u>Giglio v. U.S.</u>, 405 U.S. 150 (1972), the Defendant requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses. <u>U.S. v. Singleton</u>, 97-3178 (10th Cir. 7/1/98); <u>U.S. v. Lowry</u>, 97-368 (So.Dist. Fla. 8/4/98); <u>U.S. v. Ward</u>, 98-6004 (So.Dist. Fla. 8/4/98).

11. All evidence that tends to impeach the credibility of an important Government witness is

clearly within the *Brady* rationale. *United States v. Higgs*, 713 F.2d 39, 42-43 (**3d Cir.** 1983).

    12.    Defendant requests all material which intends to impeach a Government witness. *United States v. Bagley*, 473 U.S. 667 (1985); *Giglio v. United States*, 405 U.S. 150 (1972); *Boone v. Paderick*, 541 F.2d 447 (4th Cir. 1976), cert. denied, 430 U.S. 959 (1977); including:

    a)    Any formal or informal promises to reward a witness. *Bagley*, 473 U.S. 667 (1985); *United States v. Mayer*, 556 F.2d 245 (5th Cir. 1977). This includes informal understandings. See: *Haber v. Wainwright*, 656 F.2d 1520 (11th Cir. 1985) (case remanded to determine whether immunity actually given); *Blanton v. Blackburn*, 494 F.Supp. 895 (M.D. La. 1980), affirmed without opinion, 654 F.2d 719 (5th Cir. 1981) (informal plea agreement, witness denied existence); *Ross v. Heynes*, 638 F.2d 1979 (7th Cir. 1980) (disclosure required where witness falsely testified he was not testifying pursuant to any agreement); *Campbell v. Reed*, 594 F.2d 4 (4th Cir. 1979) (disclosure required where witness denied existence of plea agreement because unaware of exact terms);

    b)    Witness' parole or probation status. *Davis v. Alaska*, 414 U.S. 308 (9th Cir. 1974); *Reutter v. Solem*, 888 F.2d 578 (8th Cir. 1989) (prosecution must disclose that key witness had applied for sentence commutation and was scheduled to appear before parole board shortly); *Meeks v. United States*, 163 F.2d 599 (9th Cir. 1947);

    c)    Promise as to witness' civil tax or administrative liability. *United States v. Wolfson*, 437 F.2d 862 (2nd Cir. 1970); *United States v. Dawes*, 1990 U.S. Dist. LEXIS (D.Kan.Oct. 15);

    d)    Forfeiture proceedings. *United States v. Parness*, 408 F.Supp. 440 (S.D.N.Y. 1975);

    e)    Money or other reward. *United States v. Thornton*, 1 F.3d 149 (3rd Cir.), cert. denied, 114 S.Ct. 483 (1993); *Wheeler v. United States*, 351 F.2d 946 (1st Cir. 1965);

    f)    Living expenses.

    g)    Medical treatment;

    h)    Transportation expenses;

    i)    Witness Protection Program. *United States v. LaFuente*, 991 F.2d 1406 (8th Cir. 1993) (remand to determine if fact was material), appeal after remand, 54 F.3d 457 (8th

   Cir.), cert. denied, 64 USLW (1995); *United States v. Librach*, 520 F.2d 550 (8th Cir. 1975).   CF.  *United States v. Marino*, 658 F.2d 11 (6th Cir. 1981);

j)  Any type of informant status or files.  *United States v. Halbert*, 668 F.2d 489, 496 (10th Cir.) cert. denied, 456 U.S. 934 (1982); *United States v. Disston*, 582 F.2d 1100 (7th Cir. 1978); *United States v. Phillips*, 854 F.2d 273 (7th Cir. 1988) (informer files);

k)  Threats for failure to testify.  *United States v. Sutton*, 542 F.2d 1239 (4th Cir. 1976);

l)  Witness' tax returns — especially for informant.  See: Internal Revenue Code §6103(i)(1)(2).  *United States v. Wigoda*, 521 F.2d 1221 (7th Cir. 1975); *Johnson v. Sower*, 640 F.Supp. 1126 (D. Tex. 1996);

m)  Prior criminal convictions.  *East v. Scott*, 55 F.3d 996 (5th Cir. 1995) (prosecution has duty to investigate witness' criminal histories); *United States v. Montes-Cardenas*, 746 F.2d 771 (11th Cir. 1984); *United States v. Recognition Equipment, Inc.*, 711 F.Supp. 1, 14 (D.D.C. 1989); *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980); *United States v. Leichtfuss*, 331 F.Supp.723 (N.D. Il. 1971);

n)  FBI Rap Sheets.  *Martinez v. Wainwright*, 621 F.2d 184 (5th Cir. 1980) (of homicide victim); *Briggs v. Paines*, 652 F.2d 682 (9th Cir. 1981) (same); *Perkins v. LeFeore*, 691 F.2d 616 (2nd Cir. 1982) (of witness);

o)  Reports of polygraph tests performed upon Government witnesses.  This applies to oral as well as written reports.  *Carter v. Rafferty*, 826 F.2d 1299 (3rd Cir. 1987), cert. denied, 484 U.S. 1011 (1988);

p)  Fact that witness was target of investigation and threatened with prosecution, even if witness never charged.  *Moynihan v. Manson*, 419 F.Supp. 1139 (D. Conn. 1976), affirmed without opinion, 559 F.2d 1204 (2nd Cir.), cert. denied, 434 U.S. 939 (1977);

q)  Prior inconsistent statements.  *United States v. Hanna*, 55 F.3d 1456 (9th Cir. 1995) (discrepancies between law enforcement officers and reports and grand jury testimony); *United States v. Peters*, 732 F.2d 1004 (1st Cir. 1984) (grand jury testimony); *Chaney v. Brown*, 730 F.2d 1334 (10th Cir. 1984); *King v. Ponte*, 713 F.2d 635 (1st Cir. 1983); *United States v. Weintraub*, 871 F.2d 1257 (5th Cir. 1989);

r)  Bias.  See generally: *United States v. Abel*, 469 U.S. 45 (1984).

    i)  Hostility.  *United States v. Sperling*, 726 F.2d 69 (2nd Cir. 1984) (tape of pre-

    trial conversation indicating that government witness motivated by revenge);

  ii) Pecuniary or other interest. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988);

  iii) Kinship with person adverse to defendant;

  iv) Favors from prosecution such as telephone calls, conjugal visits, etc.; See: El Rukn cases. *United States v. Andrews*, 824 F.Supp. 1273 (N.D. Ill. 1993); *United States v. Burnside*, 824 F.Supp. 1215 (N.D. Ill. 1993); *United States v. Boyd*, 883 F.Supp. 1227 (N.D. Ill. 1993);

s) Character of Witness. *United States v. Brumel-Albarez*, 991 F.2d 1452 (9th Cir. 1992), reversible error not to disclose government memorandum written to government agent highly critical of key government informant); *United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993);

t) Witness' capacity to observe.

  i) Logistics. *Ballinger v. Kerby*, 3 F.3d 1371 (10th Cir. 1993);

  ii) Use of alcohol or drugs. *King v. Ponte*, 717 F.2d 635 (1st Cir. 1983) (witness under heavy medication as treatment for unstable mental condition); *Williams v. Whitley*, 940 F.2d 132 (5th Cir. 1991) (sole eye witness had been to methadone clinic within two hours of crime);

  iii) Hypnosis. *Jean v. Rice*, 945 F.2d 82 (4th Cir. 1991);

  iv) Physical injuries;

  v) Lighting conditions;

  vi) Weather conditions.

u) Testimony which is inconsistent with other evidence. *Mesarosh v. United States*, 352 U.S. 1 (1956); *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975); *Ganci v. Berry*, 702 F.Supp. 400 (E.D. N.Y. 1988), aff'd, 896 F.2d 543 (2nd Cir. 1990);

v) Prior bad acts

w) Pre-Sentence Reports of witnesses or co-Defendants. See: *United States v. McKinney*,

758 F.2d 1036, 1048 (5th Cir. 1985);

x) Witness' inability to recall, including drug use. *United States v. Robinson*, 956 F.2d 1388 (7th Cir.), cert. denied, 113 S.Ct. 654 (1992).

13. The following information is requested with specific reference to U.S. Drug Enforcement Administration: CH.66, SUB. CH. 661, §6612 and like FBI, PSP or local police department regulations and protocols, and with specific reference to the requirements of *United States v. Bagley*, 473 U.S. 667 (1985); *Giglio v. United States*, 405 U.S. 152 (1972); *Boone v. Paderick*; *United States v. Perdomo*, 929 F.2d 967 (3rd Cir. 1991); *Carter v. Rafferty*, 826 F.2d 1299; *Kyles v. Whitley*, 111 S.Ct. 1555 (1995); *Strickler v. Greene*, 119 S.Ct. 1936 (1999):

  a. As to each cooperating individual (including CI's and CW's), produce the following:

      i. FBI, PSP, local law enforcement Cooperating Individual Payment Record;
      ii. FBI, PSP, local law enforcement Cooperating Individual Establishment Report;
      iii. FBI, PSP, local law enforcement Cooperating Individual Agreement;
      iv. FBI, PSP, local law enforcement Voucher for Payment for Information and Purchase of Evidence;
      v. Copies of debriefing reports;
      vi. Copies of case initiation reports;
      vii. Copies of statements signed by the cooperating individual;
      viii. Any administrative correspondence pertaining to the cooperating individual, including documentation of any representations made on his/her behalf or any other non-monetary considerations furnished;
      ix. Any deactivation report or declaration of an unsatisfactory cooperating individual;

  b. Photographs of all cooperating individuals as required by §6612.25;

  c. Fingerprinting and criminal history as to each cooperating individual and/or §6612.21 Waiver of each such requirement as to each such individual;

  d. Results of any polygraph examinations performed on any cooperating individual;

  e. Documentation of the approval of the Deputy Assistant Administrator for Operations (DO) for payment to cooperating individuals in excess of $5,000;

  f.  Documentation of SAC authority of payments of up to $5,000;

  g.  Payments to cooperating individuals by the Department of Justice Assets Forfeiture Fund, 28 U.S.C. §524 (C)(1)(B) and 524 (C)(1)(C);

  h.  Documentation concerning the entry into the Witness Protection Program of any cooperating witness, including documentation required by §6612.71;

  i.  Documentation required or generated by the U.S. Attorney's Office, U.S. Attorney to the Department and/or using the format set forth in USAM9-21.000.

14. Photographs depicting the injuries to the alleged victim.

15. Any and all hospital or medical records or reports describing the injuries of the alleged victim and the treatment of those injuries.[2]

16. Copies of all photographs referenced in the Pocono Mtn. Regional Police Incident Report 114482-07, including gunshot residue tests, lab reports on alleged drugs, and tests on any firearms obtained during the investigation.

17. Copies/transcripts of any and all conversations recorded of any of the Defendants, whether consensual, by court order or otherwise at the Monroe County Prison from February 3, 2007 thru' April 3, 2007.

WHEREFORE, upon the foregoing authorities, Defendant, Freddy Rafael Alvarado, respectfully Moves this Honorable Court to Order the Government to provide him with the foregoing evidence forthwith.

                   Respectfully submitted.

---

[2] The statutory maximum penalty under 18 U.S.C. § 2119 (which specifically references "serious bodily injury" as defined by 18 U.S.C. §1365(a)(3)) and the offense level under U.S.S.G. §2B3.1 depend on the extent of the bodily injury sustained by the victim.

        s/  <u>Enid W. Harris</u>
ENID W. HARRIS, ESQUIRE
Pa. Supreme Court ID #30097
26 Pierce Street
Kingston, PA  18704
Phone: (570) 288-7000
Fax: (570) 288-7003
E-Mail: eharris@epix.net

ENID W. HARRIS, ESQUIRE
Pa. Supreme Court ID #30097
HARRIS & VAN JURA, Law Offices
26 PIERCE STREET
KINGSTON, PA   18704
Phone:  (570) 288-7000
Fax: (570) 288-7003
E-mail: eharris@epix.net
ATTORNEY FOR DEFENDANT,
   FREDDY RAFAEL ALVARADO, A/K/A "SCOOP"

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | NO.  3:07-CR-128 |
| | : | |
| FREDDY RAFAEL ALVARADO, | : | (Munley, J.) |
| A/K/A "SCOOP", et al. | : | |
| | : | |
| Defendant | : | *[Electronically Filed]* |

## CERTIFICATE OF NON-CONCURRENCE

I, Enid W. Harris, Esquire, attorney for Defendant, Freddy Rafael Alvarado, do hereby certify that I have sought concurrence in the filing of the within Motion from Assistant U.S. Attorney Christian Fisanick and that he indicated that he does not concur on April 19, 2007

                                                    Respectfully submitted,

                                        S/  Enid W. Harris
                                        ENID W. HARRIS, ESQUIRE
                                        Pa. Supreme Court ID #30097
                                        26 Pierce Street
                                        Kingston, PA   18704
                                        Phone: (570) 288-7000

Fax: (570) 288-7003
E-Mail: eharris@epix.net

ENID W. HARRIS, ESQUIRE
Pa. Supreme Court ID #30097
HARRIS & VAN JURA, Law Offices
26 PIERCE STREET
KINGSTON, PA  18704
Phone:  (570) 288-7000
Fax: (570) 288-7003
E-mail: eharris@epix.net
ATTORNEY FOR DEFENDANT,
    FREDDY RAFAEL ALVARADO, A/K/A "SCOOP"

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | NO.  3:07-CR-128 |
| | : | |
| FREDDY RAFAEL ALVARADO, | : | (Munley, J.) |
| A/K/A "SCOOP", et al. | : | |
| | : | |
| Defendant | : | *[Electronically Filed]* |

## CERTIFICATE OF SERVICE

The within Motion of Defendant, Freddy Rafael Alvarado, is being electronically filed on April 20, 2007.  Accordingly, the undersigned is relying upon the Court's electronic computer filing system to e-mail said document to all counsel of record.

    S/  Enid W. Harris
    ENID W. HARRIS, ESQUIRE
    Pa. Supreme Court ID #30097
    26 Pierce St., Kingston, Pa., 18704
    Phone: (570) 288-7000 - Fax: (570) 288-7003

E-Mail: eharris@epix.net
Counsel for Defendant, Freddy Rafael Alvarado